UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ESURANCE INSURANCE COMPANY,

Plaintiff,

v.

WESTCHESTER FIRE INSURANCE COMPANY, et al.,

Defendants.

Case No. 15-cv-00862-RS

**ORDER GRANTING ESURANCE'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT**

## I. INTRODUCTION

Plaintiff Esurance moves for leave to file a first amended complaint in order to add a prayer for punitive damages against defendant Steadfast Insurance Company ("Steadfast), and to eliminate certain claims for relief against defendant Westchester Fire Insurance Company ("Westchester"). Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for September 22, 2016, is vacated. For the reasons that follow, Esurance's motion is granted in full.

## II. BACKGROUND

Esurance commenced this action in February 2015, bringing breach of contract, bad faith, and negligence claims against its insurers for their failure to satisfy an insurance claim. Extensive discovery began in fall 2015. From February to August 2016, Esurance deposed certain Steadfast personnel, and it now argues testimony from those depositions supports new factual allegations and a prayer for punitive damages.[1]

---

[1] Meanwhile, Esurance proposes to eliminate from its complaint "causes of action [against Westchester] based on theories that are not supported by the evidence revealed during discovery." Westchester has presented no opposition to such amendments. Because Westchester has raised no opposition, and because of the "extreme liberality" with which we review motions for leave to file

### III. LEGAL STANDARD

Beyond 21 days after serving its original pleading, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). "The court should freely give leave when justice so requires." *Id.* The standard is one of "extreme liberality." *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). In determining whether leave to amend is warranted, courts consider five factors: (1) undue delay; (2) bad faith; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether previously allowed amendments have failed to cure deficiencies. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Prejudice is the 'touchstone of the inquiry under rule 15(a).'" *Id.* (quoting *Lone Star Ladies Inv. Club v. Schlotzky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)).

### IV. DISCUSSION

In opposition to Esurance's motion, Steadfast argues neither prejudice nor bad faith. It argues only that Esurance unduly delayed its attempt to amend, and that the amendment Esurance proposes is futile.[2] Both arguments are unavailing.

#### A. Undue Delay

According to Steadfast, "Esurance does not offer sufficient explanation for its delay in seeking leave to amend." Esurance, however, does just that: It filed its motion five days after completing the depositions that apparently produced the factual basis for its prayer for punitive damages. According to Esurance, it did not previously know the facts revealed in the relevant depositions. It does not appear Esurance needlessly waited to seek leave to amend on the basis of facts it knew all along. *See Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d

---

a first amended complaint, *see infra* Part III, Esurance's motion is granted with respect to its complaint against Westchester.

[2] The fifth factor to be considered ― whether previously allowed amendments have failed to cure deficiencies ― is of no moment, because Esurance does not seek to correct a defect through amendment.

1393, 1398 (9th Cir. 1986) (citations omitted) ("[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.").

Steadfast also points out Esurance had previously proposed a deadline of January 15, 2016, for amended pleadings. But that proposal, made in an early case management statement, was never incorporated into a binding court order. And even if it had been, Esurance's failure to meet the deadline would not necessarily constitute *undue* delay if discovery continued past the deadline and produced new relevant facts.

### B. Futility

Steadfast argues that, even if proven true, the factual allegations Esurance seeks to add to its complaint "would not support a claim for or award of punitive damages." Whether or not Steadfast is correct, it can challenge the sufficiency of Esurance's pleadings in a motion to dismiss. *See* Fed. R. Civ. P. 12(b)(6). Resolution of Steadfast's contention is best left for that later phase. *See Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."). This is particularly true here, where Steadfast does not argue it would be prejudiced by the filing of an amended complaint.

### V. CONCLUSION

For the foregoing reasons, Esurance's motion for leave to file a first amended complaint is granted.

**IT IS SO ORDERED**.

Dated: 9/9/16

RICHARD SEEBORG
United States District Judge