```
1  THOMAS E. MULVIHILL, ESQ. (SBN 129906)
   TAMIKO A. DUNHAM, ESQ. (SBN 233455)
2  ROSEANNE C. LAZZAROTTO, ESQ. (SBN 251001)
   BOORNAZIAN, JENSEN & GARTHE
3  A Professional Corporation
   555 12th Street, Suite 1800
4  Oakland, CA 94607
   Telephone: (510) 834-4350
5  Facsimile: (510) 839-1897
6
   Attorneys for Plaintiff,
7  ESURANCE INSURANCE COMPANY, a Wisconsin corporation
8
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESURANCE INSURANCE COMPANY, a Wisconsin corporation, | Case No.: 3:15-cv-00862-RS |
| Plaintiff, | ~~PROPOSE~~D ORDER REGARDING AUTHENTICITY OF DOCUMENTS |
| v. | The Hon. Richard Seeborg |
| WESTCHESTER FIRE INSURANCE COMPANY, a Pennsylvania corporation; STEADFAST INSURANCE COMPANY, a Delaware corporation; and WILLIAM GALLAGHER ASSOCIATES INSURANCE BROKERS, INC., a Massachusetts corporation, | Action Filed: February 25, 2015 |
| Defendants. | |

THE COURT, having considered the Stipulation of the Parties and good cause appearing, orders as follows:

1.  Documents produced to a party to this action by another party or by any non-party business entity in response to compulsory process (e.g., subpoena, a document request served upon a party pursuant to Fed. R. Civ. P. 34, or otherwise) in connection with the parties' investigation of the circumstances underlying this action are deemed authentic for the purposes of this action only, absent good cause. Good cause would include issues relating to the completeness of the document (e.g., missing or incomplete pages)

or any conditions in the actual document or the manner in which it was produced that bring into question whether the document was actually generated by the relevant party or non-party business entity.

2. Documents produced to a party to this action by another party or by any non-party business entity in response to compulsory process (e.g., subpoena, a document request served upon a party pursuant to Fed. R. Civ. P. 34, or otherwise) in connection with the parties' investigation of the circumstances underlying this action shall be deemed to satisfy the evidentiary foundation requirements for admissibility, including under Fed. R. Evid Rule 803 (6), for the purposes of this lawsuit only, absent good cause and subject to all other evidentiary objections to admissibility of the documents, all of which other objections are retained by the parties. Good cause would include circumstances under which the source of the information featured in the document or the circumstances of its preparation indicate a lack of trustworthiness.

**IT IS SO ORDERED.**

DATED:  9/14   , 2016

_____
THE HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE